UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HECTOR ADAN LOPEZ ROJOP,<br><br>Petitioner,<br><br>v.<br><br>CAMMILLA WAMSLEY, et al.,<br><br>Respondent. | Case No. 2:25-cv-02058<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |

## I.  INTRODUCTION AND BACKGROUND

Petitioner Hector Adan Lopez Rojop is an individual who is detained at the Northwest Immigration and Customs Enforcement Processing Center ("NWIPC") in Tacoma, Washington. Dkt. 1 ¶ 1. Lopez Rojop, who entered the United States without inspection more than five years ago and was apprehended on August 12, 2025, claims that he is unlawfully subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *Id.* ¶¶ 28–47; 58–62. He argues that he is instead subject to detention under a separate provision of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1226(a), under which he is entitled to a bond hearing before an Immigration Judge ("IJ") with the possibility of release. *Id.* Lopez Rojop lives with severe intellectual and

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 1

developmental disabilities and argues that his continued detention is especially harmful for that reason. *Id.* ¶ 2; Dkt. 1-1 at 2–9.

Lopez Rojop was denied bond under the rationale that the Tacoma Immigration Court lacks jurisdiction to grant bond for those mandatorily detained under § 1225(b)(2). Dkt. 5-1 at 7. An IJ set bond in the alternative "in the amount of $7,500 and any conditions set by ICE/DHS." *Id.* The IJ determined that Lopez Rojop did not pose a flight risk or a risk of danger to the community. *Id.*

On September 30, 2025, this Court granted summary judgment to members of a certified Bond Denial Class, entering final judgment and issuing the following declaratory relief:

> The Court declares that Bond Denial Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). The Court further declares that the Tacoma Immigration Court's practice of denying bond to Bond Denial Class members on the basis of § 1225(b)(2) violates the Immigration and Nationality Act.

*Rodriguez Vazquez v. Bostock*, --- F. Supp. 3d ---, No. 3:25-CV-05240-TMC, 2025 WL 2782499, at *27 (W.D. Wash. Sept. 30, 2025).

On October 21, Lopez Rojop filed a Petition for Writ of Habeas Corpus, asserting that he is a member of the Bond Denial Class and has been unlawfully detained without consideration for release on bond in violation of the INA and this Court's declaratory judgment in *Rodriguez Vazquez*. Dkt. 1 ¶¶ 46, 58–62. The next day, he requested that the Court grant the petition forthwith or, in the alternative, issue an order to show cause and expedited briefing schedule. Dkt. 5. The Court granted the show cause motion in part and set an expedited briefing schedule requiring Respondents to file a response to the habeas petition no later than October 29, 2025, with any reply due by October 30, 2025. Dkt. 11. Respondents filed a response on October 27, and Lopez Rojop filed a reply the same day. Dkt. 13; Dkt. 14.

The habeas petition is now ripe for the Court's review. For the reasons set forth below, the Court GRANTS Lopez Rojop's petition for a writ of habeas corpus.

## II.    LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). To succeed on his habeas petition, Lopez Rojop "must show [he] is in custody in violation of the Constitution or laws or treaties of the United States." *Doe v. Bostock*, No. C24-0326-JLR-SKV, 2024 WL 3291033, at *5 (W.D. Wash. Mar. 29, 2024) (citing 28 U.S.C. § 2241(c)(3)), *report and recommendation adopted*, No. C24-0326JLR-SKV, 2024 WL 2861675 (W.D. Wash. June 6, 2024).

## III.    DISCUSSION

It is undisputed that Lopez Rojop remains in custodial detention at NWIPC. Dkt. 1 ¶ 1; Dkt. 13 at 1. Lopez Rojop argues that because he is a member of the Bond Denial Class, his continued detention under § 1225(b)(2) and the denial of his request for bond under § 1226(a) violate the INA and this Court's order in *Rodriguez Vazquez*. Dkt. 1 ¶¶ 28–47; 58–62.

Respondents explain that while they continue to disagree with *Rodriguez Vazquez*, they "do not object to Petitioner being considered a member of the Bond Denial Class for purposes of this litigation." Dkt. 13 at 3 (footnote omitted). Respondents argue that if this Court grants the habeas petition, "the appropriate relief would be for him to either have a bond redetermination hearing in the immigration court pursuant to 8 U.S.C. § 1226(a) or to be released upon payment of the bond amount found in the alternate order by the IJ." *Id.* Lopez Rojop contends that a bond redetermination hearing is unnecessary because no circumstances have changed since his initial bond hearing. Dkt. 14 at 2.

In *Rodriguez Vazquez*, this Court granted summary judgment and entered a declaratory judgment for members of a certified Bond Denial Class, declaring that the "Bond Denial Class

members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)." No. 3:25-CV-05240-TMC, 2025 WL 2782499, at *27. The Court further declared that "the Tacoma Immigration Court's practice of denying bond to Bond Denial Class members on the basis of § 1225(b)(2) violates the Immigration and Nationality Act." *Id.* There is no dispute that Lopez Rojop is a member of the Bond Denial Class for purposes of this litigation. Dkt. 1 ¶ 46; Dkt. 13 at 3. For the same reasons that this Court granted Bond Denial Class members declaratory relief, the Court finds that Lopez Rojop is detained under § 1226(a) and not subject to mandatory detention under § 1225(b)(2). *See Rodriguez Vazquez*, No. 3:25-CV-05240-TMC, 2025 WL 2782499, at *27. Lopez Rojop has thus shown he is "in custody in violation of the" INA. *See* 28 U.S.C. § 2241(c)(3). In addition, because circumstances have not changed since Lopez Rojop's initial bond hearing, the Court declines to order a bond redetermination hearing. The writ of habeas corpus is GRANTED.

## IV. CONCLUSION

For the reasons explained above, the Court ORDERS as follows:

1. The petition for writ of habeas corpus (Dkt. 1) is GRANTED.
2. Within ONE day of this Order, Respondents must either release Petitioner or allow Petitioner's release upon payment of $7,500 and subject to any conditions set by ICE/DHS.
3. Any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

Dated this 28th day of October, 2025.

Tiffany M. Cartwright
United States District Judge